In the Matter of the Application of FRANK A. KENTON and JOHN J. MORRISEY, Constituting a Majority of the Municipal Civil Service Commission of the City of Cohoes, Petitioners, against JAMES P. DOOLEY, Individually and as Mayor of the City of Cohoes, and EDGAR B. NICHOLS, Individually and as Corporation Counsel of the City of Cohoes, Respondents.

Supreme Court, Albany County, April 26, 1930.

*Wertime & Brady* [*John A. Brady* of counsel], for the petitioners.

*Edgar B. Nichols*, for the respondents.

NICHOLS, J.  The petitioners herein comprise a majority of the members of the municipal civil service commission of the city of Cohoes, and of which city James P. Dooley is the mayor and Edgar B. Nichols is corporation counsel.

For several years the municipal civil service commission has occupied a room on the second floor of the city hall of the city of Cohoes, designated as room 19.  On or about April 3, 1930, the mayor instituted a proceeding relative to the affairs of the civil service commission of said city, and caused to be served on Frank J. Quinn, the clerk of said commission, a subpoena *duces tecum* returnable on April 4, 1930, at ten o'clock in the forenoon of that day, requiring said Quinn to produce certain specified papers of the commission.  Quinn claims that he attended at the mayor's office at ten A. M. on April 4, 1930, in person, and the mayor not being present, he, Quinn, again returned to the mayor's office at two P. M. of that day and that the mayor was not in his office.  Between ten o'clock A. M. and two o'clock P. M. the mayor and corporation counsel opened the door of room 19, which was locked, and removed from the said office of said civil service commission certain records and papers, the property of said civil service commission, and changed the lock on the door to said room 19.  Thereafter, on April 5, 1930, the mayor, while in possession of the aforesaid books and papers, again issued a subpoena *duces tecum* returnable on the 7th day of April, 1930, requiring said Quinn to produce certain papers therein specified, and that said Quinn was unable to enter the room where said papers were, he not having any key to the lock installed on the door to said room 19 by the mayor.  Thereafter the said civil service commission attempted to advertise notices of examinations for municipal positions in said city to be held April 19, 1930, by publication thereof in the Cohoes *American*, a newspaper published in said city of Cohoes, but that said newspaper refused to publish said notice.  The commission then posted

three notices of said examination in conspicuous places in said city, one of said places being the bulletin board of the city hall of said city and that said notice posted on said bulletin board was torn down. Thereafter on April 7, 1930, said Quinn, as the clerk of said civil service commission, demanded the keys to the said lock so installed on said room 19, and that the mayor refused to deliver said keys to Quinn as requested; again and on April 12, 1930, this demand was repeated by the petitioners herein demanding the keys to the new lock and of all keys to the safes and locks and files in said room, which demand was refused.

One of the duties of the said civil service commission is to certify the payrolls of officers and employees of said city; and the petitioners claim they have been unable to comply with this requirement of law because of their inability to obtain entrance to their said office so as to have access to their records and compare the said payrolls with the official roster of said city as appears by the records of said civil service commission; and that as a result, no payrolls have been certified by a majority of said commission, except the police payroll.

Upon the duly verified petition of said Kenton and Morrisey, together with the supporting affidavits, the show cause order was granted by a justice of this court, which order contained clauses restraining the mayor and corporation counsel from interfering with the affairs of the said municipal civil service commission. No summons and complaint was issued with this restraining order, although a summons having the same title as this proceeding was issued on that day. I do not think that the petitioners were entitled at that time to this restraining order and that same was issued without jurisdiction, and I, therefore, vacate and set it aside.

However, section 80 of the Public Officers Law (as amd. by Laws of 1925, chap. 556) provides how public officers shall demand from any person in whose possession they may be the delivery to such officer of all books and papers, money and property appertaining or belonging to such office. Said section grants to the justice to whom such application is made certain powers of investigation. On the argument of this motion and in the return filed by the respondents, an effort was made to show that Kenton and Morrisey were not civil service commissioners of the city. Being in possession of the office, their title thereto cannot be attacked in this way. And, while the mayor under the provisions of the city charter had a right to investigate the proceedings of the civil service commission of said city, yet such an investigation must be conducted in due form of law. He could have subpoenaed the members of the commission or its clerk to appear before him with a subpoena *duces tecum;* however, such subpoena by the provisions

of the Civil Practice Act must be served at least five days before the hearing and the mayor was not justified in seizing the papers and records belonging to the civil service commission, in changing locks on the doors to its office, practically evicting them therefrom. It is the duty of the mayor to at once return to the majority of said civil service commission the keys to said room 19, and all books, papers and records, the property of said commission, and of all keys to the safes and files of said office. It is my duty under the provisions of said section 80 to see that said property and possession is returned to the majority of said commission.

Upon the argument of this motion, it was stated that the keys would be turned over to the majority of the civil service commission. However, in the answer of the mayor the city clerk claims to be in possession of said keys. It is a matter of little importance who has the keys and produces them.

I shall hold this matter open until my regular Special Term at Albany on the fourth Saturday of May, and unless said keys and property are delivered before that time to the majority of said civil service commission, I shall take the further steps enjoined upon me by section 80 of the Public Officers Law (as amd. by Laws of 1925, chap. 556); if said keys and property, etc., are delivered before that time, I shall dismiss the proceeding without costs.

Either party may present a proposed order in accordance with the foregoing.